IN THE MATTER OF THE ESTATE OF CATHARINE MARIA MANICE, DECEASED.

*Will — in case of inevitable repugnancy the latest bequest prevails — one of several executors who takes no part in the management of the estate is not entitled to share in the commissions — 2 R. S., 93, sec. 58, as amended by chap. 362 of 1863.*

A testatrix gave and bequeathed to her son William " the china dinner set marked T. Q. M., the bedstead and *wardrobe* in the second story front room " in her house in Madison avenue, in New York. She then gave and bequeathed to her daughter Caroline her " mosaic and pearl pin, also the furniture in my second story front room, namely, bureau, *wardrobe*, chairs, table, sofa, carpet and curtains."

*Held*, that as the wardrobe was specifically mentioned in each bequest, and as there was no ambiguity in the language employed, there was an invincible repugnancy between the two claims, and that force and effect should for that reason be given to the last bequest to the exclusion of the first.

Under section 58 of 2 Revised Statutes, 93, as amended by chapter 362 of the Laws of 1863, providing that " on the settlement of the account of an executor or administrator the surrogate shall allow him for his services, and if there be more than one shall apportion among them, according to the services rendered by them respectively," certain commissions, the surrogate has no power to give any portion of the commissions to one of the executors who has taken no part in the management and settlement of the estate.

APPEAL from portions of a decree made by the surrogate of Queens county upon the final settlement of the accounts of the executors of Catharine Maria Manice, deceased.

*Frederick W. Adee,* for W. De Forest Manice, individually and as executor, appellant.

*John H. Henshaw,* for Caroline A. Grant individually and as executrix, respondent.

DYKMAN, J.:

This is an appeal from a portion of the decree of the surrogate of Queens county, on the final accounting of the executors of Catharine Maria Manice, deceased.

The first question has relation to the ownership of a wardrobe specifically bequeathed by the testator. The first part of the will is as follows: " I give and bequeath to my son William De Forest Manice the china dinner set marked I. F. M., the bedstead and wardrobe in the second story front room  *  *  *  in my house in Madison Avenue in the city of New York." Then follows this clause: " I give and bequeath to my daughter Caroline Amelia Grant my mosaic and pearl pin,  *  *  *  also the furniture in my second story front room, namely : bureau, wardrobe, chairs, table, sofa, carpet, and curtains."

The wardrobe is thus specifically mentioned in both of these clauses, and there is no ambiguity in the language employed. The wording of the two bequests forbids the inference that the article was bequeathed to the two jointly, and there is an invincible repugnancy between the two clauses, and both cannot stand. Under these circumstances the rule must be applied which gives force and effect to the last clause to the exclusion of the first. (Jar. on Wills, 472.) We are aware that this is considered a desperate remedy, but we find no reasonable interpretation that will give force and effect to both clauses of this will respecting the wardrobe.

Our conclusion is, that the decree of the surrogate should be affirmed on this point.

The next question has reference to the commissions of the executors. There were three named in the will, William De Forest Manice, a son, and Caroline A. Grant and Frances Isabella Smith, two daughters of the testatrix. The will was proven June 3, 1878. Letters testamentary were issued to the son on the same day and to Mrs. Smith, June 21, 1878. Mrs. Grant did not qualify until March 11, 1879, but she never took any part in the administration of

the estate. The statute is this : " On the settlement of the account of an executor or administrator, the surrogate shall allow to him for his services, and if there shall be more than one, shall apportion among them according to the services rendered by them, respectively, over and above his or their expenses," commissions at certain rates. (3 R. S. [5th ed.], 179, § 64 [58].) The statute, therefore, furnishes the rule of apportionment and requires the surrogate to apportion the commissions among the executors according to the services rendered by them respectively. No discretion is bestowed on the surrogate, and it seems to follow necessarily that where no services have been rendered by one of several executors the surrogate can apportion to him no commissions. Such we understand to be the case of Mrs. Grant ; she rendered no services and took no part in the settlement of the estate, she cannot therefore receive commissions.

This portion of the surrogate's decree should, therefore, be reversed and the case sent back to him to apportion the commissions between William De Forest Manice and Frances Isabella Smith.

There should be no costs of this appeal.

Present — BARNARD, P. J., DYKMAN and PRATT, JJ.

Surrogate's decree modified by reversing that part thereof which grants commissions to Mrs. Grant, and the proceedings are remitted to surrogate to apportion commissions between executors Manice and Smith.